(No. 14656.—Decree affirmed.)
GERALDINE DUSTIN, Appellee, *vs.* MARGARET HELEN CULL BROWN *et al.* Appellants.

*Opinion filed June 21, 1922.* .

APPEALS AND ERRORS—*decree carrying out remanding order of former appeal must be affirmed.* A decree carrying out correctly the remanding order of the Supreme Court on a former appeal must be affirmed on a second appeal notwithstanding there was no petition for rehearing, as the first decision becomes the law of the case, which binds the chancellor, and the appellants cannot on the second appeal change their position and urge new questions.

APPEAL from the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding.

DAILEY, MILLER, McCORMICK & RADLIFF, and Mc-CORMICK & MURPHY, for appellants.

COVEY & WOODS, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a decree entered by the circuit court of Logan county pursuant to a judgment of this court on a former appeal. In the opinion filed at a former term (*Dustin* v. *Brown,* 297 Ill. 499,) we held that Mary E. Dustin, under the second clause of the will of her father and pursuant to a decree in partition, took a life interest in a 105-acre farm and that the remainder in fee vested in her children; that on the death of her only child, Julian, in 1898, Mary E. Dustin and her husband, William L. Dustin, each inherited an undivided one-half of the remainder in fee; that in 1901, on the birth of a second child to Mary E. Dustin, the interests of the parents were cut down so that they were then each vested with an undivided one-fourth interest in the remainder in fee; that two judgments for comparatively small amounts were entered against Dus-

tin and executions issued thereon and levies made and sales
had thereunder; that the sheriff's deed issued October 26,
1899, conveyed to appellant Brown's predecessor in title an
undivided seventy-second part of the interest of Dustin in
the farm and to appellant Corwine an undivided twenty-
eighth part of said interest; that appellants' contention that
there was a mutual mistake in the deed and that the deed
should have conveyed to Brown's predecessor an undivided
72/100ths of the interest of Dustin and to Corwine an un-
divided 28/100ths of said interest could not be sustained,
and that the chancellor erred in decreeing a reformation
of the deed and declaring appellants invested as tenants in
common with all of the right, title and interest of William
L. Dustin in said farm. The decree was reversed and the
cause remanded, with directions to enter a decree finding
the rights of the parties in accordance with the views ex-
pressed in the opinion.

When the case was before this court at the former hear-
ing appellants apparently relied upon the sheriff's deed as
the basis of their title, but they now take an entirely dif-
ferent position and contend that, regardless of what was
said in the sheriff's deed, the legal effect of it was to con-
vey to appellants all the right, title and interest of William
L. Dustin in the lands involved. The decision of this court
on the former hearing was not questioned by petition for
rehearing or otherwise and the decision has become the law
of this case. If appellants were not satisfied with what
was said in the former opinion and with the decision of
the court, they could, by a method provided by the rules
of the court, have pointed out to the court wherein it had
erred, and, having failed to avail themselves of this oppor-
tunity to file a petition for rehearing, they cannot be heard
now to question the former decision. When the cause was
re-instated in the circuit court the chancellor could do noth-
ing but enter a decree in accordance with the remanding
order, and this he did. In finding the rights of the par-

ties he decreed that appellant Brown is seized of an undivided seventy-second part of an undivided one-fourth interest in the remainder in fee and that appellant Corwine is seized of an undivided twenty-eighth part of an undivided one-fourth interest in the remainder in fee, both interests being subject to being further diminished in the event of other children being born to Mary E. Dustin. This decree is in accordance with the remanding order and is affirmed.

*Decree affirmed.*